J-S20035-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DOUGLAS AKINS | : | |
| | : | |
| Appellant | : | No. 1520 WDA 2018 |

Appeal from the Judgment of Sentence Entered October 8, 2018
In the Court of Common Pleas of Erie County
Criminal Division at No(s):  CP-25-CR-0001459-1994

BEFORE:  GANTMAN, P.J.E., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.E.: **FILED JULY 19, 2019**

Appellant, Douglas Akins, appeals *pro se* from the judgment of sentence entered in the Erie County Court of Common Pleas, following revocation of his probation.  For the following reasons, we vacate the probation revocation and revocation sentence and remand with instructions.

The relevant facts and procedural history of this case are as follows.  On February 9, 1995, a jury convicted Appellant at Docket No. CR-1459-1994 of three drug offenses and criminal conspiracy.  The court sentenced Appellant on March 8, 1995, to a term of 3 to 10 years' incarceration for the drug offenses and 10 years of consecutive probation for conspiracy, plus court costs and fines.  This Court affirmed the judgment of sentence on January 26, 1996. *See Commonwealth v. Akins*, 676 A.2d 277 (Pa.Super. 1996) (unpublished memorandum).  Appellant sought no further review.  Between 1996 and 2004,

Appellant unsuccessfully pursued at least three petitions for collateral review under the Post Conviction Relief Act ("PCRA") at 42 Pa.C.S.A. §§ 9541-9546.

Meanwhile, Appellant was arrested in 2002 under Docket No. CR-1306-2002, due to various parole violations, including new drug offenses. These criminal offenses led to new convictions and a sentence of 5 to 10 years of incarceration to be served concurrent and overlapping with the remainder of his incarceration at Docket No. CR-1459-1994. This Court affirmed the judgment of sentence on April 22, 2004, and our Supreme Court denied allowance of appeal on December 8, 2004. *See Commonwealth v. Aiken, a/k/a Douglas Akins*, 852 A.2d 1242 (2004), *appeal denied*, 581 Pa. 689, 864 A.2d 528 (2004).

In 2017, Appellant's wife petitioned for a protection from abuse ("PFA") order against Appellant, which the court entered in September 2017. On August 2018, the Commonwealth charged Appellant at Docket No. MD-499-2018 with indirect criminal contempt ("ICC") for violating the PFA order. The court convicted Appellant of ICC on September 5, 2018. That same day, the court sentenced Appellant to 45 (forty-five) days to six (6) months' incarceration. Appellant appealed that judgment of sentence on September 20, 2018.

While his appeal at Docket No. MD-499-2018 was pending, on October 8, 2018, the court conducted a joint hearing under *Commonwealth v. Grazier*, 552 Pa. 9, 713 A.2d 81 (1998) and a violation of probation ("VOP")

hearing at Docket No. CR-1459-1994. Appellant's ICC conviction was the Commonwealth's **sole** basis for revocation of Appellant's probation. (**See** N.T. Revocation, 10/8/18, at 10, 15.)

During the hearing, Appellant objected to the proceeding on the following bases: (i) he had not received notice of his alleged probation violation prior to the October 8th hearing; (ii) he was entitled to a **Gagnon I**[1] hearing; and (iii) his probation at Docket No. CR-1459-1994 had expired the week before the VOP hearing. At the hearing, the court revoked Appellant's probation at Docket No. CR-1459-1994, and resentenced him to three (3) to twelve (12) months' incarceration.

Appellant timely filed pro se post-sentence motions on October 11, 2018, and October 12, 2018. On October 15, 2018, the revocation court denied the post-sentence motions. Appellant timely filed a notice of appeal on October 22, 2018. The court ordered Appellant on October 24, 2018, to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); Appellant timely complied on November 1, 2018.

Appellant raises the following issues for our review:

> (1) WHETHER THE COURT COMMITTED AN ABUSE OF DISCRETION OR ERROR OF LAW WHEN IT REVOKED [APPELLANT'S] PROBATION AND RESENTENCED HIM AFTER HIS PROBATIONARY TERM HAD EXPIRED ON THE GROUNDS THAT HE ALLEGEDLY COMMITTED A NEW OFFENSE WHERE HE DID NOT VIOLATE ANY SPECIFIC CONDITION OF HIS PROBATION PURSUANT TO 42 [PA.C.S.A.] § 9754(C) OR 37

---

[1] **Gagnon v. Scarpelli**, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

[PA. CODE] § 65.4 GOVERNING SPECIAL PROBATION, NOR DID HE VIOLATE THE PUBLIC LAW?

(2) WHETHER APPELLANT'S DUE PROCESS [RIGHTS] W[ERE] VIOLATED/SATISFIED WHERE HE NEVER RECEIVED WRITTEN NOTICE OR ANY NOTICE OF ANY SORT BY HIS PROBATION OFFICER OR ANYONE FROM THE [PENNSYLVANIA BOARD OF PROBATION AND PAROLE ("PBPP")] OF AN ALLEGATION AGAINST HIM NOR WHAT CONDITION OF PROBATION HE ALLEGEDLY VIOLATED, NOR DISCLOSURE OF EVIDENCE AGAINST HIM PRIOR TO HIS PROBATIONARY TERM EXPIRING OR AFTER IT EXPIRED[?]

(3) WHETHER [APPELLANT]'S DUE PROCESS [RIGHTS] [W]ERE VIOLATED/SATISFIED WHERE HE WAS NOT AFFORDED A *GAGNON I* PRELIMINARY HEARING TO DETERMINE IF PROBABLE CAUSE EXISTED TO BELIEVE THAT [APPELLANT] VIOLATED HIS PROBATION TO DETAIN [APPELLANT] NOR DID HE WAIVE HIS RIGHT TO THAT HEARING PRIOR TO HIS PROBATIONARY TERM EXPIRING OR AFTER IT EXPIRED?

(4) WHETHER THE COURT THAT REVOKED [APPELLANT]'S PROBATION HAD THE LEGAL AUTHORITY TO REVOKE [APPELLANT]'S PROBATION WHERE IT WAS NOT THE TRIAL COURT THAT PLACED [APPELLANT] ON PROBATION[?][2]

(5) WHETHER [APPELLANT]'S PROBATION COULD BE REVOKED WHERE [APPELLANT]'S PROBATION OFFICER NOR ANYONE FROM THE PBPP ALLEGED AN[] ALLEGATION AGAINST [APPELLANT] NOR DID THE COMMONWEALTH PETITION TO HAVE HIS PROBATION REVOKED?

---

[2] Appellant cites no relevant law to support his argument that the revocation court lacked jurisdiction to revoke his probation and resentence him, because the jurist was not the same jurist who had originally sentenced Appellant. *See* Pa.R.A.P. 2119(a); *Commonwealth v. Johnson*, 604 Pa. 176, 191, 985 A.2d 915, 924 (2009), *cert. denied*, 562 U.S. 906, 131 S.Ct. 250, 178 L.Ed.2d 165 (2010) (providing claim is waived where appellate brief does not include citation to relevant authority or fails to develop issue in any meaningful fashion capable of review). Therefore, Appellant's fourth issue is waived, and we will give it no further attention.

(Appellant's Brief at 8, 11, 13, 15, 16).[3]

In his remaining issues combined, Appellant argues he had completed his probationary term at Docket No. CR-1459-1994 before the 2018 VOP hearing. Appellant contends he received no notice, written or otherwise, that he had allegedly violated the terms of his probation before the October 2018 revocation hearing. Appellant submits the Commonwealth and PBPP did not file a petition to revoke his probation. Appellant also maintains the revocation court failed to conduct a *Gagnon I* hearing. Appellant asserts his 2018 ICC conviction did not constitute a violation of probation. Appellant concludes this Court should vacate the VOP judgment of sentence. For other reasons, we agree some relief is due.

When reviewing the outcome of a revocation proceeding, this Court is limited to determining the validity of the proceeding, the legality of the judgment of sentence imposed, and the discretionary aspects of sentencing. *Commonwealth v. Cartrette*, 83 A.3d 1031, 1033-34 (Pa.Super. 2013) (*en banc*). "In general, the imposition of a sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." *Commonwealth*

---

[3] Appellant's issues appear only as headings in the argument section of his brief but not in a discrete statement of questions presented section, in technical violation of the rules of appellate procedure. *See* Pa.R.A.P. 2116(a). Nevertheless, we decline to waive the remaining issues on this basis.

*v. Hoover*, 909 A.2d 321, 322 (Pa.Super. 2006).

Pennsylvania Rule of Criminal Procedure 708 governs violations of parole/probation, in pertinent part, as follows:

**Rule 708. Violation of Probation, Intermediate Punishment, or Parole; Hearing and Disposition**

**(A)** A written request for revocation shall be filed with the clerk of courts.

**(B)** Whenever a defendant has been sentenced to probation or intermediate punishment, or placed on parole, the judge shall not revoke such probation, intermediate punishment, or parole as allowed by law unless there has been:

(1) a hearing held as speedily as possible at which the defendant is present and represented by counsel; and

(2) a finding of record that the defendant violated a condition of probation, intermediate punishment, or parole.

Pa.R.Crim.P. 708(A)-(B). Additionally, regarding revocation of probation, Section 9771 of the Sentencing Code provides:

**§ 9771. Modification or revocation of order of probation**

**(a) General rule.**—The court may at any time terminate continued supervision or lessen or increase the conditions upon which an order of probation has been imposed.

**(b) Revocation.**—The court may revoke an order of probation upon proof of the violation of specified conditions of the probation. Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.

**(c) Limitation on sentence of total**

**confinement.**—The court shall not impose a sentence of total confinement upon revocation unless it finds that:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

**(d) Hearing required.**—There shall be no revocation or increase of conditions of sentence under this section except after a hearing at which the court shall consider the record of the sentencing proceeding together with evidence of the conduct of the defendant while on probation. Probation may be eliminated or the term decreased without a hearing.

42 Pa.C.S.A. § 9771.

"When a parolee or probationer is detained pending a revocation hearing, due process requires a determination at a pre-revocation hearing, a *Gagnon I* hearing, that probable cause exists to believe that a violation has been committed. Where a finding of probable cause is made, a second, more comprehensive hearing, a *Gagnon II* hearing, is required before a final revocation decision can be made." *Commonwealth v. Sims*, 770 A.2d 346, 349 (Pa.Super. 2001) (internal citations omitted). A *Gagnon I* hearing is not required, however, where the probationer has already been convicted of the offense forming the basis for the revocation of his probation. *Commonwealth v. Davis*, 336 A.2d 616 (Pa.Super. 1975). "Without question, [a probationer is] entitled to written notice of [a] revocation hearing,

and to adequate time to prepare for it." ***Commonwealth v. King***, 430 A.2d 990, 991 (Pa.Super. 1981).

Additionally, a court cannot revoke probation for conduct that a defendant committed after his sentence is complete. ***Commonwealth v. Wright***, 116 A.3d 133 (Pa.Super. 2015). On the other hand, "a sentence for a violation of the terms of probation can be imposed after the expiration of the probationary period if the revocation is based on a violation which occurred within the probationary period." ***Id.*** at 137. "[I]n that circumstance, the probation must be revoked and the [VOP] sentence must be imposed within a reasonable time after the expiration of the probationary period." ***Id.*** (vacating VOP judgment of sentence where evidence was insufficient to prove defendant committed new offenses while still on probation; moreover, VOP hearing as to defendant's alleged reporting violations was untimely, where it took place over two and one-half years after defendant's probation had ended). Otherwise, the VOP sentence will be deemed illegal. ***Commonwealth v. Mathias***, 121 A.3d 558 (Pa.Super. 2015).

Issues related to the legality of a sentence are questions of law. ***Commonwealth v. Diamond***, 945 A.2d 252, 256 (Pa.Super 2008), *appeal denied*, 598 Pa. 755, 955 A.2d 356 (2008). When the legality of a sentence is at issue on appeal, our "standard of review is *de novo* and our scope of review is plenary." ***Id.*** at 256. "An illegal sentence must be vacated." ***Commonwealth v. Watson***, 945 A.2d 174, 178-79 (Pa.Super. 2008). ***See***

*Commonwealth v. Kitchen*, 814 A.2d 209, 214 (Pa.Super. 2002), *aff'd*, 576 Pa. 229, 839 A.2d 184 (2003) (stating legality of sentence may be subject of inquiry by appellate court *sua sponte*).

Pennsylvania law at 42 Pa.C.S.A. § 9757 mandates the "automatic aggregation of sentences once a trial court imposes a consecutive sentence." *Commonwealth v. Allshouse*, 33 A.3d 31, 35 (Pa.Super. 2011), *appeal denied*, 616 Pa. 649, 49 A.3d 441 (2012). Thus, periods of consecutive incarceration are combined before the running of a term of probation. *Id.* at 36. Pennsylvania law does not permit "defendants to serve a term of probation and a term of state incarceration simultaneously." *Id.* (rejecting any argument on concept of "constructive probation," that is, simultaneous service of incarceration and probation). *See also Commonwealth v. Brown*, 145 A.3d 184 (Pa.Super. 2016), *appeal denied*, 641 Pa. 56, 165 A.3d 892 (2017) (applying *Allshouse* to hold defendant's state probation began only after he was released from federal custody, not when his state term of incarceration ended and his federal custody began; rejecting concept of service of state "constructive probation" during period of unrelated federal incarceration). "[P]robation rehabilitates a defendant in a less restrictive manner than total confinement. As such, logic would lead to the conclusion that a term of probation cannot be served while the defendant is imprisoned on an unrelated sentence, whether it be in a state facility as in *Allshouse* or in federal custody as with Brown." *Id.* at 188.

Instantly, on March 8, 1995, the court sentenced Appellant at Docket No. CR-1459-1994 to a term of 3 to 10 years' incarceration for the drug offenses and 10 years of consecutive probation for conspiracy, plus court costs and fines.[4] Appellant was arrested in 2002 under Docket No. CR-1306-2002, due to various parole violations, including new drug offenses. These criminal offenses led to new convictions and a sentence of 5 to 10 years of incarceration to be served concurrent to and overlapping with the remainder of his incarceration at Docket No. CR-1459-1994. Appellant's aggregate state **incarceration** at the 1994 **and** 2002 docket numbers was 18 years and conceivably ended in or around 2013. If so, then his state probationary term of 10 years appears to have commenced in 2013. Absent more in this record, however, we cannot say with certainty that Appellant was on probation in August 2018, when he purportedly violated the 2017 PFA order at Docket No. MD-499-2018. What we can say with certainty is that after the court convicted Appellant of ICC on September 5, 2018, and sentenced him on that date, the court promptly held a VOP hearing on October 8, 2018, and imposed the revocation sentence of 3 to 12 months' incarceration. *See **Wright**, supra*.

_____

[4] In its Rule 1925(a) opinion, the revocation court incorrectly recites Appellant's sentence to include a twenty-year probationary tail. (*See* Trial Court Opinion, filed 12/14/18, at 2 n.1) (stating: "Appellant was sentenced…on March 8, 1995, to 10 years of probation at Count 5,… consecutive to Count 2…. Appellant was sentenced to 3 to 10 years of incarceration followed by 10 years of probation at Count 2"). This statement is inaccurate.

Appellant appears to be still under supervision, either in prison or on parole, in service of the revocation sentence (3 to 12 months' incarceration imposed on October 8, 2018) that should expire sometime in October or November 2019.

This appeal from the revocation sentence involves another legal dilemma: while the current appeal was pending, this Court vacated Appellant's ICC conviction and sentence and remanded with instructions for a new trial on the ICC offense, because Appellant had been deprived of his statutory right to counsel at the first ICC trial. *See Commonwealth v. Akins*, ___ A.3d ___, No. 1356 WDA 2018 (Pa.Super. filed May 24, 2019) (unpublished memorandum). This Court's decision to overturn the ICC offense/conviction/sentence independently and logically calls into question the integrity of the VOP and revocation sentence, which was based solely on the overturned ICC conviction.

Therefore, we conclude the best resolution of this appeal is to vacate the probation revocation and sentence imposed on the basis of the now-vacated ICC conviction. We decline to order a new VOP hearing at this juncture, because the present case does not turn on some procedural flaw in the prior VOP proceedings or the failure of the Commonwealth to produce any evidence of a probation violation at the prior hearing. *Compare Commonwealth v. Mullins*, 591 Pa. 341, 918 A.2d 82 (2007) (holding as general rule, remand for new VOP hearing should accompany reversal of

probation revocation and vacation of related judgment of sentence, for lack of sufficient basis for revocation; even if VOP hearing record is insufficient to sustain revocation of probation, "court that granted probation should not be precluded from determining whether probation remains the proper course only because the Commonwealth failed to include certain formalities in the record"). **But see id.** (Chief Justice Cappy concurring) (joining majority under facts of case but writing separately to say majority decision should not be construed "as enunciating a *per se* rule requiring a remand to the trial court for a new VOP hearing in each instance where the VOP hearing record is insufficient to support revocation of probation. Upon disposition of an appeal, an appellate tribunal has an array of options available. … Accordingly, I cannot endorse the articulation of a bright-line rule that restricts those options. **See e.g., Commonwealth v. Griggs**, 314 Pa.Super. 407, 461 A.2d 221 (1983) (Superior Court vacated the judgment of sentence of revocation when the finding of participation in criminal activity was not substantiated at the VOP hearing)").

Here, this VOP case turned exclusively on a now-vacated ICC conviction; and future, related VOP proceedings will naturally depend on the outcome of Appellant's new trial on the ICC charge. If the new trial results in another ICC conviction, then the Commonwealth will have the opportunity to seek probation revocation. The Commonwealth, however, must first confirm on the record that Appellant was still on probation at Docket No. CR-1459-1994 when

the ICC offense allegedly occurred. As well, the Commonwealth must meet all the other prerequisites for probation revocation. If a new ICC conviction leads to a new VOP hearing and sentence, then Appellant must also receive credit for the time he has already served on the revocation sentence we are now vacating. Accordingly, we vacate both the revocation of probation and the sentence imposed and remand with instructions. Due to our disposition, we decline to address Appellant's remaining claims.

Judgment of sentence vacated; case remanded with instructions. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/19/2019