J-A08043-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SHAHNAWAZ M. MATHIAS, JR., | : | |
| | : | |
| Appellant | : | No. 876 MDA 2014 |

Appeal from the Judgment of Sentence Entered April 21, 2014
in the Court of Common Pleas of York County,
Criminal Division, at No(s): CP-67-CR-0006753-2005

BEFORE:     SHOGAN, WECHT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:                    **FILED MAY 28, 2015**

Shahnawaz M. Mathias, Jr., (Appellant) appeals from a judgment of sentence entered after the trial court purported to revoke his probation. We conclude that the imposition of the judgment was illegal. Consequently, we vacate Appellant's judgment of sentence.

The procedural background underlying this matter is rather complicated. This Court previously summarized it as follows.

> … On May 15, 2006, Appellant pleaded guilty to indecent assault and unlawful contact with a minor, and on November 15, 2006, the trial court imposed an aggregate sentence of five years' probation. Twelve days thereafter, Appellant filed a post-sentence motion seeking withdrawal of his "plea because he discovered that, as a condition of his probation," his travel and contact with his minor children were limited and he was not permitted to consume alcohol. The trial court denied this motion on January 18, 2007. Appellant then filed a counseled application on June 6, 2007 to modify his probation, challenging the probationary condition that he first obtain permission before travelling outside the York County area, and seeking instead

*Retired Senior Judge assigned to the Superior Court.

merely to provide notice before traveling. The court denied this application on June 8, 2007.

Appellant took appeals from both orders which were consolidated by this Court. The Commonwealth argued that Appellant's motion to modify the conditions of his "probation was akin to an untimely post-sentence motion, and therefore, [his] appeal from the … order, which denied the application, was also untimely." On September 19, 2007, this Court issued an order quashing that appeal.

However, in an unpublished memorandum dated August 4, 2008, this Court declined to find Appellant's appeal from the latter order untimely. We reasoned that the court had jurisdiction under 42 Pa.C.S. § 9771(a) to consider Appellant's second application for relief, "which essentially sought to lessen a condition of [his] probation related to his traveling." Nevertheless, this Court found Appellant's issue waived for counsel's untimely filing of a court-ordered Pa.R.A.P. 1925(b) statement. Our Supreme Court denied allowance of appeal from this decision on July 1, 2009.

One day after this Court issued our memorandum, on August 5, 2008, Appellant filed a counseled PCRA petition, alleging that he "recently … discovered that the [victim] has [recanted] to one or more persons her accusations by admitting that the alleged crime was a falsehood perpetuated [*sic*] to obtain a financial advantage." The petition further averred, "That information was reduced to an affidavit signed by one Jason Hollar," which he attached, and that Appellant was "attempting to ascertain the identity of at least two … other individuals to whom [the victim] has recanted[.]" On August 13th, the trial court dismissed the petition without prejudice, reasoning that the appeal before this Court was still pending.

We summarize that subsequently, Appellant filed numerous petitions with the trial court seeking relief from the terms of his probation. Some of the denials of these petitions resulted in appeals to this Court. This Court quashed two of the appeals, in each holding that the relief Appellant sought related to his judgment of sentence, and thus his notices of appeal were untimely. A third appeal related to the trial court's denial of a motion to modify Appellant's probation so that he could "exercise

custodial rights to his children." This Court held that Appellant's motion for reconsideration of the denial of this motion was untimely and thus his notice of appeal was untimely. We therefore quashed. The last appeal stemmed from the court's denial of a petition to terminate probation, which was filed while the third appeal was pending. This Court quashed, holding that because the pending appeal "also concerned the terms of his probation," "the trial court was without jurisdiction to rule on" the latest petition.

On May 7, 2013, approximately one month after the last Superior Court decision, Appellant filed [another], counseled PCRA petition….

*Commonwealth v. Mathias*, 93 A.2d 510 (Pa. Super. 2013) (unpublished memorandum at 2-5) (citations and footnotes omitted). The PCRA court dismissed the PCRA petition, and this Court affirmed that order on December 13, 2013. *Id.*

While the order dismissing the PCRA petition still was on appeal, Appellant filed a "Petition to Change Treatment Providers."[1] In addition, the York County Adult Probation Department (the Department) apparently filed a petition in which it sought a hearing to resolve how much credit time Appellant should receive toward his probation sentence.

In a petition filed on October 17, 2013, which was entitled "Petition for Hearing on Stay and Related Items," Appellant highlighted, *inter alia*, that he has been under probationary supervision since 2005, despite the fact that he

---

[1] As a condition of Appellant's probation, he was required to attend counseling.

was sentenced to only five years of probation in 2006.[2] According to Appellant, he has not been credited for time that accrued during his various appeals to this Court.

The trial court held a hearing on December 3, 2013. Several witnesses testified at that hearing, including Albert Sabol. Mr. Sabol was the Chief Adult Probation Officer at the Department for eleven years when he retired in December of 2012. According to Mr. Sabol, in 2002, then President Judge Chronister of the York County Court of Common Pleas issued an unwritten directive "that when a case is on appeal in an upper court, [] the local court lacks jurisdiction and cannot change or alter a sentence, and he directed that [the Department] no longer supervise cases that have taken an appeal." N.T., 12/3/2013, at 46-47. Mr. Sabol testified that this directive was issued, in part, to avoid having to reimburse probationers whose appeals are successful for costs they incurred as a result of their probationary sentences. In any event, pursuant to Judge Chronister's unwritten directive, the Department adopted a policy of not supervising persons sentenced to serve probation when those persons appeal a trial court's decision.

In an order entered on December 5, 2013, the trial court determined that, because of the multiple appeals Appellant has taken related to his

_____

[2] Appellant's claim that he was on probation since 2005 appears to be the product of a typographical error, given that he was not sentenced to serve probation until 2006.

probation, as of December 3, 2013, Appellant had served only 666 days of his five-year probation sentence, leaving him with 1,159 days of supervision to complete. Furthermore, the trial court denied Appellant's request to change counseling centers.

On December 13, 2013, Appellant filed a motion to reconsider the December 5, 2013 order. Therein, Appellant contended, *inter alia*, that Judge Chronister's "unwritten directive" is unconstitutional. The trial court denied that motion on December 27, 2013. On January 27, 2014, Appellant filed a notice of appeal wherein he stated his intent to appeal the order denying his motion for reconsideration. In a *per curiam* order filed on May 5, 2014, this Court quashed the appeal as untimely filed. ***Commonwealth v. Mathias, Jr.***, 208 MDA 2014.

In the meantime, on March 14, 2014, the Department filed a petition in the trial court wherein it sought a hearing to determine whether Appellant had violated his probation by failing to enter and successfully complete an approved sexual offender treatment program. The trial court held a hearing regarding the petition on April 21, 2014.

At the beginning of the hearing, Appellant's counsel reminded the court that Appellant's appeal regarding the constitutionality of the "unwritten directive" still was pending in this Court. Counsel also moved to quash the Department's petition. As to this motion, counsel argued that the Department was alleging that Appellant violated his probation by failing to

attend counseling while his appeal was pending, despite the fact that, pursuant to the "unwritten directive," Appellant was not being supervised at that time.

At the conclusion of the hearing, the trial court determined that Appellant violated his probation. The court, therefore, revoked his probation. The court sentenced Appellant to serve 6 to 23 months in prison. Appellant timely filed a motion for reconsideration. Therein, Appellant contended, *inter alia*, that his sentence was excessive. The trial court denied the motion.

Appellant timely filed a notice of appeal. The trial court directed Appellant to comply with Pa.R.A.P. 1925(b), and Appellant subsequently filed a 1925(b) statement. The trial court responded by filing an opinion pursuant to Pa.R.A.P. 1925(a). In his brief to this Court, Appellant asks us to consider the questions that follow.

> 1. Whether the probation directive challenged herein is facially unconstitutional because it forces defendants to unknowingly choose between their right to an appeal and their right to have their sentence speedily carried out?
>
> 2. Whether the probation directive challenged in this appeal is procedurally unconstitutional under the due process clause as applied to [Appellant] because he never received actual or constructive notice of the times he was on or off probation, and because of the further impacts generated by his specific conviction, which are now set to continue for years more than he originally agreed to through his guilty plea?
>
> 3. Whether this unwritten directive impermissibly removes substantive due process from convicted persons, and [Appellant]

specifically, while they remain under the department of probation's supervision?

4. Whether probation may implement a directive without written procedure or policy regarding that directive, and, relatedly, whether that unwritten policy is impermissibly vague or is subject to interpretation such that it would not be arbitrarily applied?

5. Is the sentence of 6-23 months for a technical violation of probation an abuse of discretion on the part of the trial court?

Appellant's Brief at 11-12 (Appellant's answer's omitted).

Under his first four issues, Appellant raises a number of constitutional challenges to the "unwritten directive" and the Department's policy of not supervising Appellant's probation while his various appeals were pending. He, however, ultimately contends that his sentence is illegal because his five-year term of probation had expired when the trial court revoked his probation and sentenced him. We need not reach the merits of Appellant's constitutional challenges in order to agree with him that he is serving an illegal sentence.[3]

"Issues relating to the legality of a sentence are questions of law[.] … Our standard of review over such questions is *de novo*[,] and our scope of

---

[3] It is well settled that courts should "avoid constitutional issues if the claim may be resolved on alternative grounds[.]" ***Commonwealth v. Karetny***, 880 A.2d 505, 519 (Pa. 2005). We further note that the trial court and the Commonwealth suggest that Appellant waived his constitutional challenges. However, it is well settled that "[c]hallenges to an illegal sentence can never be waived and may be reviewed *sua sponte* by the Superior Court." ***Commonwealth v. Johnson***, 873 A.2d 704, 708 n.1 (Pa. Super. 2005).

review is plenary." ***Commonwealth v. Wolfe***, 106 A.3d 800, 802 (Pa. Super. 2014).

While it is easy to get distracted by, *inter alia*, the procedural complexity of this case, our determination that Appellant's sentence is illegal flows from a fairly straightforward analysis. On November 15, 2006, the trial court sentenced Appellant to serve an aggregate of five years of probation. Over seven years after the imposition of this sentence, the trial court purported to revoke that five-year probation sentence and to resentence Appellant to a period of imprisonment. Yet, the certified record is devoid of any order staying Appellant's original sentence. Moreover, prior to the 2014 order revoking the probation, the trial court never revoked Appellant's probation or resentenced him.

The Department may very well have a policy of **not supervising probation** when an appeal is pending;[4] however, that policy did not act to

---

[4] The record indicates that the Department's policy is fueled in large part by a misguided belief that, pursuant to Pa.R.A.P. 1701, the court lacked jurisdiction to supervise Appellant or to revoke his probation when an appeal was pending. For instance, at a proceeding that took place on January 30, 2012, the trial court cited Rule 1701 in support of its belief that a court loses jurisdiction to find a probation violation when an appeal is pending.

As an initial matter, there simply is no language in Rule 1701 that justifies the Department's policy of not supervising a probationer while an appeal is pending. As to whether a court can revoke probation while an appeal is pending, Rule 1701 does generally state that, "after an appeal is taken …, the trial court … may no longer proceed further in the matter." Pa.R.A.P. 1701(a). However, the rule explicitly allows a court, after an appeal has been taken, to enforce an order entered in the matter. Pa.R.A.P.

stay Appellant's sentence and does not alter the fact that, during the pendency of his appeals, Appellant was **serving his sentence**.

When the trial court revoked Appellant's probation and resentenced him, Appellant's term of probation had expired. Consequently, the trial court lacked the authority to revoke the probation, and the sentence of imprisonment is illegal. ***See***, ***e.g.***, ***Commonwealth v. Mitchell***, 955 A.2d 433, 435 (Pa. Super. 2008) ("Under Pennsylvania law, an order of probation can be changed or revoked if, at any time **before the defendant has completed the maximum period of probation**, or before he has begun service of his probation" the defendant commits offenses or otherwise demonstrates he is unworthy of probation.") (emphasis added) (citations and quotation marks omitted). We, therefore, vacate the judgment of sentence.

---

1701(b)(2). Thus, when Appellant's appeals were pending, the trial court clearly could enforce the terms of Appellant's sentence of probation.

Judgment of sentence vacated.

Judge Wecht joins the memorandum.

Judge Shogan files a concurring memorandum in which Judge Strassburger joins.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 5/28/2015