J-A14043-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN MABIN | : | |
| | : | |
| Appellant | : | No. 3873 EDA 2016 |

Appeal from the Judgment of Sentence November 22, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.:  CP-51-CR-0003056-2011

BEFORE:   GANTMAN, P.J., SHOGAN, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                          **FILED AUGUST 22, 2018**

Appellant, John Mabin, appeals from the judgment of sentence imposed after his jury conviction of rape by forcible compulsion, indecent assault, and corrupting the morals of a minor.[1]  We vacate and remand in part, and affirm in part.

We take the following factual background and procedural history from our independent review of the certified record and the trial court's July 24, 2017 opinion.  In 2010, Appellant was in a relationship with J.S., the mother of two minor children, including the victim.  During weekends when J.S. had custody of the children, she dropped them off at Appellant's house.  She did this so frequently that the children called Appellant, "Dad."  During one of the

---

[1] 18 Pa.C.S.A. §§ 3121(a)(1), 3126(a)(1), 6301(a)(1)(ii), respectively.

---

*   Retired Senior Judge assigned to the Superior Court.

weekends, when the six-year-old victim went to bed, Appellant vaginally penetrated her, left the room, returned and penetrated her a second time. Appellant was arraigned on March 16, 2011.

On October 26, 2012, Judge Michael E. Erdos denied Appellant's motion *in limine* seeking to introduce evidence of the victim's prior accusations against another child that touched her bottom. A jury trial held on November 8, 2012 through November 21, 2012, resulted in a mistrial.

Appellant's retrial, assigned to Judge Scott O'Keefe, occurred on March 8, 2016 through March 11, 2016. The Commonwealth sought to incorporate the October 26, 2012 ruling by Judge Erdos. After argument by counsel for the parties, the trial court ruled that the victim's allegation against the six-year-old child, and the ensuing investigative process, were not admissible, because they were irrelevant.

The jury convicted Appellant of the above-mentioned charges on March 11, 2016. On November 22, 2016, the trial court sentenced Appellant, with the benefit of a pre-sentence investigation report (PSI), to an aggregate term of not less than twenty nor more than forty years' incarceration, plus probation. The court found that Appellant was not a sexually violent predator (SVP), but that he was subject to lifetime registration with the Pennsylvania State Police pursuant to the Sex Offender Registration and Notification Act

(SORNA I).[2]   The court denied Appellant's post-sentence motion for reconsideration of sentence on December 1, 2016.   Appellant timely appealed.[3]

Appellant raises two issues for the Court's review:

1. [Whether the trial] court abuse[d] its discretion in barring [A]ppellant from cross-examining the complaining witness about prior unfounded allegations of sexual assault against a classmate that were relevant to [A]ppellant's trial theory?

2. [Whether the trial] court abuse[d] its discretion when it sentenced [A]ppellant to an aggregate twenty to forty years of incarceration followed by five years of probation, a sentence that exceeds [A]ppellant's expected lifespan, where the [trial] court failed to consider [A]ppellant's rehabilitative needs and focused solely on the gravity of the offense?

(Appellant's Brief, at 4).

In his first issue, Appellant argues that the trial court abused its discretion in precluding him from introducing evidence of the victim's prior allegations against a fellow six-year-old child.   (**See id.** at 15-19).[4]

---

[2] 42 Pa.C.S.A. §§ 9799.10-9799.42.

[3] On January 13, 2017, Appellant filed a timely concise statement of errors complained of on appeal.   After receiving the court's permission, he filed a supplemental statement on March 31, 2017.   The court filed an opinion on July 24, 2017.   **See** Pa.R.A.P. 1925.

[4] The Commonwealth argues that this issue is waived.   It maintains that, because Appellant failed to request the transcription of the notes of testimony from the pre-trial hearing in his first trial, the Court is unable to review the reasons for Judge Erdos' ruling.   (**See** Commonwealth's Brief, at 9-10).   However, we disagree because Judge Erdos' ruling does not affect our review of Appellant's claim.   It has long been held that "the grant of a new trial wipes

Specifically, he claims this evidence "supported the defense's theory that the complainant's accusations against [A]ppellant were strategic and untrue." (*Id.* at 15). This issue lacks merit.

> The admission of evidence is solely within the discretion of the trial court, and a trial court's evidentiary rulings will be reversed on appeal only upon an abuse of that discretion. An abuse of discretion will not be found based on a mere error of judgment, but rather occurs where the court has reached a conclusion that overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Witmayer*, 144 A.3d 939, 949 (Pa. Super. 2016), *appeal denied*, 169 A.3d 27 (Pa. 2017) (citation omitted).

In this case, Appellant was arrested in March 2011 for rape, and related charges, involving the approximately six year-old victim. Appellant sought to admit evidence about a separate May 2010 incident involving the victim in which she accused an aged six, non-verbal, autistic, child of touching her inappropriately. (*See* N.T. Trial, 3/09/16, at 6-8). An investigation revealed that the victim "was describing her butt being touched and nothing more[,] [s]o there was no further action." (*Id.* at 8).

---

the slate clean, so that a previous court's ruling on the admissibility of evidence generally does not bind a new court upon retrial[.]" *Commonwealth v. Paddy*, 800 A.2d 294, 311 (Pa. 2002) (concluding law of the case doctrine inapplicable in re-trial after mistrial) (internal quotation marks and citations omitted). Therefore, Appellant was not required to provide this Court with the reasoning of Judge Erdos.

Appellant argued that evidence of this accusation was relevant to show "that [the victim] has knowledge of the system, that when . . . a child[] says the word 'sex,' people respond[.]" (*Id.* at 8-9). However, the trial court disagreed, precluding this evidence based on relevance. (*See* Trial Court Opinion, at 7/24/17, at 4) (explaining, "[t]he proposed cross-examination was a collateral matter that had no relationship to the matter on trial. . . .").

We discern no abuse of discretion.

> Pennsylvania Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Pa.R.E. 401. Building upon this definition, Rule 402 provides, in full, as follows: "All relevant evidence is admissible, except as otherwise provided by law. Evidence that is not relevant is not admissible." Pa.R.E. 402. Thus, while the general rule of the admissibility of relevant evidence is subject to various exceptions, the rule that irrelevant evidence is not admissible is categorical. Accordingly, [t]he threshold inquiry with admission of evidence is whether the evidence is relevant.

*Commonwealth v. Cook*, 952 A.2d 594, 612 (Pa. 2008) (case citations and some quotation marks omitted).

In this case, the six-year-old victim's allegation against a fellow six-year-old child that he touched her bottom, does not make it any more or less probable that Appellant, an adult male and the victim's care-giver, vaginally raped her. *See id.* Accordingly, the trial court did not abuse its discretion when it found that this evidence was irrelevant. *See Witmayer*, *supra* at 949. Appellant's first issue does not merit relief.

- 5 -

In his second claim, Appellant argues that the court erred and abused its discretion in sentencing him to the statutory maximum because the court only relied on the gravity of the offense, and did not consider his rehabilitative needs. (*See* Appellant's Brief, at 20-25). This issue lacks merit.

Appellant's issue challenges the discretionary aspects of his sentence, which "must be considered a petition for permission to appeal." ***Commonwealth v. Kelly***, 33 A.3d 638, 640 (Pa. Super. 2011) (citation omitted).

Before reaching the merits of Appellant's claim:

> [W]e must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his . . . issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence[, Pa.R.A.P. 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the [S]entencing [C]ode.

***Commonwealth v. Foust***, 180 A.3d 416, 438-39 (Pa. Super. 2018) (citation omitted).

Here, Appellant's appeal is timely, he preserved his issue in his post-sentence motion for reconsideration, and his brief contains a Rule 2119(f) statement. Hence, we must consider whether he raises a substantial question.

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Id.* at 439 (citations and quotation marks omitted).

Appellant claims that the court failed to consider his rehabilitative needs or the sentence necessary for protection of the public. (*See* Appellant's Brief, at 14). This raises a substantial question. *See Commonwealth v. Downing*, 990 A.2d 788, 793 (Pa. Super. 2010). Therefore, we will review the merits of his claim.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015), *appeal denied*, 126 A.3d 1282 (Pa. 2015) (citation omitted). "[W]e presume that the court properly considered and weighed all relevant factors in fashioning [Appellant's] sentence[]" where it had the benefit of a PSI. *Commonwealth v. Kitchen*, 162 A.3d 1140, 1147 (Pa. Super. 2017) (citation omitted).

Instantly, the trial court stated at sentencing that it had "read the presentence reports as well as sentencing memorandum for both sides." (N.T. Sentencing, 11/22/16, at 2). Therefore, we presume that it considered and weighed all relevant factors when it sentenced Appellant. *See Kitchen*, *supra* at 1147. In addition, it heard from two witnesses who testified on Appellant's behalf. (*See* N.T. Sentencing, at 8-12). The court considered

argument from counsel for Appellant and the Commonwealth. (*See id.* at 3-7, 13-17). Appellant provided allocution. (*See id.* at 19-22). At the conclusion of the hearing, the court noted the gravity of Appellant's actions in raping the six-year-old child two times while in his care. (*See id.* at 22). Thereafter, the court imposed a sentence within the standard guideline range. (*See id.*).

Based on the foregoing, we conclude that the trial court did not abuse its discretion in sentencing Appellant. *See Caldwell*, *supra* at 770. Appellant's second issue lacks merit.

However, we observe *sua sponte*[5] that Appellant's lifetime registration pursuant to SORNA I must be vacated. In *Commonwealth v. Muniz*, 164 A.3d 1189, 1218 (Pa. 2017), the Pennsylvania Supreme Court held that the retroactive application of SORNA I's registration scheme to sexual offenders who committed their crimes before the SORNA I's effective date violates Pennsylvania's *ex post facto* clause. Instantly, Appellant committed his crimes in 2010, prior to SORNA I's December 12, 2012 effective date. Hence, pursuant to *Muniz*, Appellant's lifetime registration requirement pursuant to SORNA I is unconstitutional and must be vacated.

_____

[5] "[I]t is well settled that [c]hallenges to an illegal sentence can never be waived and may be reviewed *sua sponte* by the Superior Court." *Commonwealth v. Mathias*, 121 A.3d 558, 562 n.3 (Pa. Super. 2015) (citation and internal quotation marks omitted).

Nonetheless, on February 21, 2018, the legislature amended and replaced SORNA I with SORNA II, which provides, in pertinent part, for the lifetime registration of individuals convicted of committing rape on or after April 22, 1996, but before December 20, 2012. *See* 42 Pa.C.S.A. § 9799.55(b)(2). Hence, we vacate Appellant's lifetime registration requirement pursuant to SORNA I, and remand to the trial court for imposition of Appellant's registration sentence pursuant to SORNA II.

Judgment of sentence vacated and remanded in part and affirmed in part. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/18