J-A29040-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER JOE YOUNGER | : | |
| | : | |
| Appellant | : | No. 860 WDA 2020 |

Appeal from the Judgment of Sentence Entered August 4, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0011526-2010

BEFORE:  BENDER, P.J.E., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                **FILED: NOVEMBER 22, 2021**

Christopher Joe Younger (Younger) appeals *pro se* following the revocation of his probation by the Court of Common Pleas of Allegheny County (trial court).  We quash the appeal but determine in the alternative that his claims lack merit.[1]

**I.**

The facts underlying Younger's convictions are not germane to our disposition.  Briefly, in 2012, Younger was convicted following a jury trial of possession with intent to deliver a controlled substance (PWID) and

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] As we discuss in more detail *infra*, the record is not entirely clear as to what order Younger has appealed.

conspiracy.[2] The trial court sentenced him to the mandatory minimum of 3 to 6 years' incarceration for PWID, with a consecutive term of 3 years' probation. It sentenced him to a concurrent term of 3 years' probation for the count of conspiracy. He timely appealed and this Court vacated his judgment of sentence and remanded for resentencing, holding that his mandatory minimum sentence violated the United States Supreme Court's decision in ***Alleyne v. United States***, 570 U.S. 99 (2013). ***See Commonwealth v. Younger***, 1601 WDA 2012, at *7 (Pa. Super. Aug. 20, 2014) (unpublished memorandum). In light of our disposition, we did not address the numerous other issues raised in his appeal, including a challenge to the trial court's ruling on the suppression motion, but noted that our decision was without prejudice to his ability to raise those claims in a direct appeal following his resentencing.

On November 14, 2014, the trial court resentenced Younger to 16 to 50 months' incarceration on the count of PWID and a consecutive period of 3 years' probation on the count of conspiracy. The sentencing order further noted that the sentence would commence immediately and Younger would receive 956 days of credit for time served. Younger again filed a timely appeal, which included a challenge to the trial court's ruling on the suppression motion. This Court affirmed the judgment of sentence based on the trial court's Pa. R.A.P. 1925(a) opinions. ***See Commonwealth v. Younger***, 541

---

[2] 35 Pa.C.S. § 780-113(a)(30); 18 Pa.C.S. § 903(a)(1).

WDA 2015, at *3 (Pa. Super. Aug. 12, 2016) (unpublished memorandum), *allocatur denied*, (Pa. Feb. 14, 2017).

The record does not reflect the precise date when Younger was detained on the instant probation violation. However, he filed his first counseled motion to lift detainer on October 19, 2017, which averred that he had been arrested and charged in federal court on September 13, 2017, following an alleged assault on a postal service employee. The trial court denied the motion. He filed a second motion to lift detainer, represented by new counsel, on December 22, 2017. That motion averred that he had been detained in county jail since September 16, 2017. The trial court denied that motion as well.

No further action is reflected in the certified record until April 2020 when Younger filed two more motions to lift detainer, represented by two different attorneys. The trial court denied both motions. The second motion, filed April 20, 2020, averred that he had been incarcerated in county jail since March 31, 2019. It is not clear from the record when or why he was released from jail between December 2017 and March 2019.[3]

Finally, on August 4, 2020, Younger proceeded to a probation violation hearing. The trial court revoked his probation and resentenced him to 36 to 96 months' incarceration on the count of conspiracy and no further penalty on

_____

[3] Younger has been represented by various attorneys at different points throughout this case. In addition, he has filed numerous *pro se* motions and assorted filings.

the count of PWID. The sentencing order noted that he would receive credit for time served of 494 days between March 31, 2019, and August 5, 2020, and 17 days between June 16, 2016, and July 2, 2016. Younger appealed and filed several concise statements pursuant to Pa. R.A.P. 1925(b) and the trial court filed a responsive opinion.

## II.

Even though the Commonwealth has not challenged our jurisdiction over this appeal and has addressed the merits of Younger's issues on appeal, we must address discrepancies in Younger's *pro se* notice of appeal that affect our jurisdiction over this case. As noted by the trial court, Younger's notice of appeal was captioned "Notice of Appeal Recuse/Disqualify Judge Rangos" and was time-stamped and docketed by the clerk of courts on August 6, 2020, two days after his revocation hearing. ***See*** Notice of Appeal, 8/6/20. However, Younger handwrote "Date Mailed 8-2-2020" on the notice, which was two days *before* his revocation hearing. The notice was apparently mailed from the Allegheny County Jail and there is no envelope, postmark or certificate of service included in the certified record for the filing. Moreover, in his docketing statement in this Court, Younger wrote that his notice of appeal was filed on August 2, 2020. In describing the order appealed from, he wrote that he filed a motion to recuse on April 15, 2020, which was denied by operation of law. He then wrote that the trial court did not have jurisdiction

to proceed on his violation hearing while his appeal was pending. **See** Docketing Statement, 8/24/20, at 1-2.

The additional text on the notice of appeal states: "Petitioner filed a Motion to Recuse/Dis[q]ualify Judge Rangos on 4/15/2020. Rule 341 final order, if trial court did not act on the motion within 30 days the motion is deemed denied by operation of law." **Id.** (unnecessary capitalization omitted). Next, Younger filed a *pro se* post-sentence motion challenging his revocation sentence which was docketed August 11, 2020, and an amended post-sentence motion docketed on August 20, 2020. Finally, when Younger filed his numerous concise statements, he included challenges to the denial of his *pro se* recusal motion, the denial of his pre-trial motion to suppress and to his revocation sentence.

Based on the language in the notice of appeal, *supra*, the trial court only addressed the recusal issue in its Pa. R.A.P. 1925(a) opinion. It concluded that Younger had only appealed from the denial of that motion and not from the judgment of sentence following the revocation hearing. **See** Trial Court Opinion, 1/4/21, at 4. It further explained that it did not issue an order ruling on the recusal motion because Younger was represented by counsel at the time, rendering his *pro se* motion a legal nullity. **Id.** at 5-6. It noted that it conducted a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), at the revocation hearing before allowing Younger to proceed *pro se* at that hearing and on appeal. **Id.** at 5.

Our rules of procedure require us to liberally construe a notice of appeal and "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of an appeal." Pa. R.A.P. 105(a), 902. We have previously declined to quash an appeal where the notice was incorrectly captioned as from an interlocutory order, but it was clear from the record that the appellant had appealed from the judgment of sentence because he filed his appeal on the day his sentence was imposed. **Commonwealth v. Gumpert**, 512 A.2d 699, 700-01 (Pa. Super. 1986). Therefore, we do not consider the caption Younger included on his notice of appeal to be dispositive.

However, the date on the notice of appeal and Younger's docketing statement in this Court indicate that Younger filed the notice prior to the revocation hearing and, thus, did not appeal from the judgment of sentence imposed at that hearing. The prisoner mailbox rule deems a *pro se* prisoner's legal filings as filed on the date they are delivered to prison authorities for mailing. **See Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa. Super. 2011). "[W]e are inclined to accept any reasonably verifiable evidence of the date that the prisoner deposits the [filing] with the prison authorities." **Commonwealth v. Betts**, 240 A.3d 616, 619 n.5 (Pa. Super. 2020) (citation omitted); Pa. R.A.P. 121(f). Here, the question is not whether Younger timely filed his notice of appeal within the 30-day appeal period, but rather whether his appeal was taken from the August 4, 2020 resentencing order at all.

Younger dated his notice of appeal August 2, 2020, and mailed it for filing from the Allegheny County Jail. It was docketed on August 6, 2020, after his revocation hearing. He wrote on the notice and in his docketing statement that he was appealing the denial "by operation of law" of his *pro se* recusal motion filed in April 2020. Based on this evidence, we conclude that under the prisoner mailbox rule, his notice of appeal was filed on August 2, 2020, and he did not appeal from his August 4, 2020 judgment of sentence. His appeal was not from a final order of the trial court or from an immediately appealable interlocutory or collateral order. ***See*** Pa. R.A.P. 341, 311, 312 & 313. Thus, we conclude that we lack jurisdiction over this appeal and must quash.

## III.

### A.

In any event, even if Younger had properly filed his appeal, he would be entitled to no relief. First, Younger challenges the denial of his pre-trial motion to suppress evidence. However, this issue is outside of our scope of review and was previously addressed in his direct appeal from resentencing. "[I]n an appeal from a sentence imposed after the court has revoked probation, we can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." ***Commonwealth v. Wright***, 116 A.3d 133, 136 (Pa. Super. 2015) (citing ***Commonwealth v. Cartrette***, 83 A.3d

1030, 1033 (Pa. Super. 2013) (*en banc*)). We may not revisit issues that were litigated pre-trial or on direct appeal from the original judgment of sentence. No relief is due on this claim.[4]

**B.**

Next, Younger asserts that his revocation sentence is illegal because his probation had expired when he committed his violations.[5] He argues that his probationary term was imposed concurrently to his term of incarceration and, as a result, expired in 2015, while the violations underlying his revocation hearing occurred in 2019.

It is well-settled that a trial court lacks the authority to revoke probation after the probationary term has expired and a sentence imposed under such circumstances is illegal. *Commonwealth v. Mathias*, 121 A.3d 558, 563 (Pa. Super. 2015). Probation may be revoked only if the probationer violated a specific condition of his supervision or committed a new crime during the term of his probation. *Commonwealth v. Gillam*, 233 A.3d 863, 867 (Pa.

---

[4] Further, we note that a previous panel of this Court adopted the trial court's Pa. R.A.P. 1925(a) opinion addressing his suppression argument in Younger's direct appeal from his resentencing in 2014. *See Younger*, *supra*, 541 WDA 2015, at *3.

[5] A challenge to the legality of a sentence presents a pure question of law, over which our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Lekka*, 210 A.3d 343, 355 (Pa. Super. 2019).

Super. 2020). The trial court must find that the violation occurred by a preponderance of the evidence in order to revoke probation. *Id.*

Initially, the record does not support Younger's contention that his probation was concurrent to his incarceration or that the trial court increased his sentence after his case was remanded following his first direct appeal. At the resentencing hearing in 2014 following Younger's direct appeal, the trial court imposed the sentence as follows: "So a period of incarceration of 16 to 50 months. He does have a good bit of credit that will be applied toward that. And a consecutive period of probation at count five of three years in accordance with the original sentence structure." Notes of Testimony, Resentencing Hearing, 11/14/14, at 18-19.[6] The written sentencing order confirms this structure. Order of Sentence – Revised Upon Appeal, 11/14/14. Thus, Younger's claim that his probation was concurrent to his period of incarceration is belied by the record.

Because Younger was resentenced to 16 to 50 months' incarceration with credit for time served of 956 days,[7] his maximum of 50 months'

_____

[6] The original sentence was 3 to 6 years of incarceration and a consecutive period of 3 years of probation for the count of PWID. For the count of conspiracy, the trial court imposed 3 years of probation to be served concurrently to the probation imposed for PWID. Thus, Younger's sentence imposed after remand was less than the sentence originally imposed for the count of PWID.

[7] This reflects the period of time Younger had spent incarcerated from the verdict of guilty on April 3, 2012, until the date of resentencing.

incarceration would have expired on or about June 3, 2016. This leads to an expiration date for the consecutive three years of probation of approximately June 3, 2019.

In its brief, the Commonwealth notes that the record in this case is unclear as to when Younger's probation expired.[8] It directs our attention to the resentencing transcript and the "Acceptance for State Supervision" form in the certified record. **See** Acceptance for State Supervision, Pa. Bd. Probation & Parole (PBPP), 7/10/15. The form indicates that Younger's probation would expire on May 23, 2021, which was the date counsel recited on the record at resentencing as Younger's maximum for state probation. **See** **id.**; Resentencing Hearing at 9. The Commonwealth urges us to consider this record evidence as proof Younger had not completed probation at the time of his violations or his revocation hearing.

_____

[8] Younger did not request the transcript of his August 4, 2020 revocation hearing. Because the record is incomplete, the Commonwealth asserts that Younger has waived his claim. It points out that appellants bear the burden of ensuring that the certified record on appeal is complete, and that the transcript for the revocation hearing is necessary to resolve the question Younger raises on appeal. We note that after the certified record was transmitted, Younger filed two *pro se* motions in this Court requesting that, *inter alia*, the violation hearing transcript be produced and supplemented to the certified record pursuant to Pa. R.A.P. 1926. **See** Application for Relief, 1/22/21; Application for Relief, 1/29/21. We denied the motions without prejudice for Younger to seek supplementation in the trial court under that rule. Younger did not file a motion to supplement the record in the trial court or otherwise request the necessary transcripts. Our review is hampered by this omission. Nevertheless, because Younger's issue implicates the legality of his sentence and we are able to glean his probationary period from the record, we will address this claim.

- 10 -

However, closer inspection of the form reveals that it includes terms of probation imposed at three docket numbers in addition to the instant case. The form includes the specific dates for probation that the PBPP calculated for each of Younger's dockets. For the instant case, the form lists Younger's three-year period of probation as effective from June 3, 2016, to June 3, 2019, consistent with our calculations *supra.* The periods of probation that extend until May 23, 2021, are based on sentences imposed at different dockets.

Younger asserts in his brief that his probation revocation was based on new criminal charges for which he was arrested on March 30, 2019. **See** Younger's Brief at 21, 24. This assertion is corroborated by one of the counseled motions to lift detainer filed in April 2020 which averred that he had been incarcerated in county jail since March 31, 2019. Finally, the trial court stated that it revoked Younger's probation based on new convictions on federal and state charges. **See** Trial Court Opinion, 1/4/21, at 2.

As a result, the record does not support Younger's contention that his probation revocation was based on new criminal charges that arose after his probationary period had expired. He concedes that the probation violations were based on crimes committed in March 2019, and the record reflects that his probation in this case did not expire until June 2019. Because he committed his probation violations while still under the trial court's supervision, the trial court did not impose an illegal sentence when it revoked

his term of probation and resentenced him based on those violations. No relief is due.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/22/2021