**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BYRON EDWARD FRANTZ, JR. | : | |
| | : | |
| Appellant | : | No. 1044 WDA 2021 |

Appeal from the Judgment of Sentence Entered August 18, 2021
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000773-2006

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BYRON EDWARD FRANTZ, JR. | : | |
| | : | |
| Appellant | : | No. 1045 WDA 2021 |

Appeal from the Judgment of Sentence Entered August 18, 2021
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000772-2006

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BYRON EDWARD FRANTZ JR. | : | |
| | : | |
| Appellant | : | No. 1046 WDA 2021 |

Appeal from the Judgment of Sentence Entered August 18, 2021
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000771-2006

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  | : |  |
| --- | --- | --- |
| v. | : | |
| | : | |
| | : | |
| BYRON EDWARD FRANTZ, JR. | : | |
| | : | |
| Appellant | : | No. 1047 WDA 2021 |

Appeal from the Judgment of Sentence Entered August 18, 2021
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s):  CP-33-CR-0000568-2006

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BYRON EDWARD FRANTZ, JR. | : | |
| | : | |
| Appellant | : | No. 1048 WDA 2021 |

Appeal from the Judgment of Sentence Entered August 18, 2021
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s):  CP-33-CR-0000567-2006

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BYRON EDWARD FRANTZ JR. | : | |
| | : | |
| Appellant | : | No. 1049 WDA 2021 |

Appeal from the Judgment of Sentence Entered August 18, 2021
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s):  CP-33-CR-0000566-2006

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |

BYRON EDWARD FRANTZ JR.     :
                                   :

          Appellant           :     No. 1050 WDA 2021

Appeal from the Judgment of Sentence Entered August 18, 2021
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s):  CP-33-CR-0000565-2006

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                    :              PENNSYLVANIA
                                    :

         v.                            :
                                    :
                                    :

BYRON EDWARD FRANTZ           :
                                    :

          Appellant           :     No. 1051 WDA 2021

Appeal from the Judgment of Sentence Entered August 18, 2021
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s):  CP-33-CR-0000090-2006

BEFORE:   McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McCAFFERY, J.:          **FILED: JULY 29, 2022**

In these consolidated appeals,[1] Byron Edward Frantz (Appellant) appeals from the judgments of sentence imposed in the Jefferson County Court of Common Pleas, following the revocations of his probation at eight trial court dockets.  Appellant contends the trial court abused its discretion when it imposed a manifestly excessive sentence for technical violations of the conditions of his probation.  Because we are unable to ascertain from the record before us whether Appellant was still serving probationary terms at

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] This Court consolidated these appeals, *sua sponte*.  **See** Order, 10/1/21.

some of the trial court dockets at the time he was charged with violating his probation, we vacate the judgments of sentence, and remand the matter to the trial court for further clarification and resentencing.

In November and December of 2006, Appellant committed a series of crimes in Jefferson County, which led to charges of, *inter alia*, burglary, theft, and forgery,[2] spanning eight separate trial court dockets. He subsequently entered a guilty plea in each case. On May 17, 2006, Appellant pled guilty to three counts of burglary at trial docket CP-33-CR-0000090-2006 (Docket 90-2006), and was sentenced to a term of seven months to two years' less one day imprisonment, followed by three years' plus one day probation. In September of 2006, Appellant's probation was revoked following a violation, and he was resentenced to a term of two and one-half to five years' imprisonment followed by five years' consecutive probation. Thus, it appears that Appellant's consecutive term of five years' probation, absent any further violations, would have expired in **2016**.[3]

---

[2] ***See*** 18 Pa.C.S. §§ 3502, 3921, and 4101(a)(2).

[3] We note the record for Docket 90-2006 contains a document entitled "Request for Special Probation/Parole Supervision," which was signed by the trial court on April 14, 2010. ***See*** Request for Special Probation/Parole Supervision, 4/14/10, at 2 (unpaginated). That document indicates that Appellant's concurrent probationary sentences for two counts of burglary began on January 2, 2011, and would expire on January 2, 2016. ***See id.*** at 1 (unpaginated).

The record at Docket 90-2006 also includes a Detainer issued on February 7, 2020, directing that Appellant be detained pending a hearing to
*(Footnote Continued Next Page)*

On April 4, 2007, Appellant entered guilty pleas for the remaining seven dockets. At trial dockets CP-33-CR-0000565-2006, CP-33-CR-0000566-2006, CP-33-CR-0000567-2006, and CP-33-CR-0000568-2006 (collectively, Dockets 565-568-2006), Appellant entered a guilty plea to four counts of burglary, one at each docket, and was sentenced to five terms of five years' probation, to be served concurrently with each other and consecutively to the sentence imposed at Docket 90-2006. *See* Guilty Plea Colloquy, 3/28/07, at 8 (unpaginated). At trial dockets CP-33-CR-0000771-2006 and CP-33-CR-0000772-2006 (collectively, Dockets 771-772-2006), Appellant pled guilty to two counts of theft, and was sentenced to two concurrent terms of one year probation, to be served consecutively to the sentence at Docket 90-2006. *Id.* Lastly, at trial docket CP-33-CR-0000773-2006 (Docket 773-2006), Appellant entered a guilty plea to one count of forgery. He was sentenced to a term of five years' probation, to be served concurrently with the probationary sentences imposed at Dockets 565-568-2006 and Dockets 771-772-2006, and consecutive to the sentence at Docket 90-2006. *Id.* Therefore, it appears that Appellant would have completed serving his one-year probationary terms at Dockets 771-772-2006 in **2017**, but his five-year probationary terms at Dockets 565-568-2006 and 773-2006 would not have expired until 2021.

_____

determine if "Probable Cause exists to believe that he is in Contempt for Non-Payment." Detainer, 2/7/20. Thereafter, on March 20, 2020, the court entered an order withdrawing the detainer, directing Appellant be released from prison, and ordering him to contact "Jefferson County Probation to establish a pay plan." Order to Withdraw Detainer, 3/20/20.

On July 26, 2021, Appellant's probation officer filed a notice of a ***Gagnon I*** hearing[4] for Dockets 90-2006, 565-2006, 568-2006, and 773-206, as well as a Notice of Charges, alleging Appellant violated the following conditions of his probation: (1) failed to report to probation as instructed in December of 2020; (2) changed his residence without permission in December of 2020; (3) failed to maintain employment or notify his probation officer of loss of employment in December of 2020; (4) failed to abide by his payment plan, as his last payment was received in September of 2019; and (5) failed to refrain from using controlled substances, namely Appellant called an ambulance "due to overdosing on Heroin" in July of 2021. ***See*** Notice of Preliminary Hearing (***Gagnon I***), 7/26/21; Notice of Charges & Hearing Rights & Written Request for Revocation, 7/26/21. On August 3, 2021, Fred Hummel, Esquire, entered his appearance on behalf of Appellant.

A ***Gagnon I*** hearing was scheduled for August 4, 2021. Appellant appeared before the trial court, waived the ***Gagnon I*** hearing, and "admit[ed] to the violations charged[.]" ***Gagnon*** Order, 8/6/21. Notably, the court's ***Gagnon*** order listed all of the trial court dockets at issue herein. ***Id.*** The order also directed Adult Probation to conduct a Pre-Sentence Investigation Report (PSI) and scheduled the ***Gagnon II*** hearing for August 18, 2021. ***Id.***

_____

[4] ***See Gagnon v. Scarpelli***, 411 U.S. 778 (1973). This notice was preceded by a Bench Warrant, issued on January 26, 2021, directing that Appellant be "arrested and detained" pending a ***Gagnon I*** hearing for his alleged violations. Bench Warrant, 1/26/21.

At the August 18th hearing, Attorney Hummel noted that, although an updated PSI was prepared, Appellant's version of the violations was not included because, purportedly, a request had been faxed to the prison with insufficient time for Appellant to respond. *See* N.T., 8/18/21, at 3-4. He requested the trial court "not . . . hold anything against [Appellant due to] the fact that he hasn't responded in writing." *Id.* at 4. Notably, Attorney Hummel did not request a continuance of the hearing so that Appellant could formally respond.

Rather, Attorney Hummel argued that it was "known" Appellant had "drug problems" at the time of the original PSI, dated July 25, 2006, and asserted that the criminal acts at issue were "no doubt" a result of his drug use. N.T., 8/18/21, at 5. He pointed out, however, there was no update regarding Appellant's "current situation [or] health status." *Id.* Attorney Hummel requested the court impose a sentence "such that [Appellant would] be eligible for the state drug treatment program." *Id.* at 6.

Thereafter, the court provided Appellant with the opportunity to speak on his own behalf. N.T., 8/18/21, at 6. Appellant stated that he "did good for years" when he was released in 2008. *Id.* He claimed: "I kind of had an idea I was supposed to be on probation when I maxed out, but they told me I wasn't."[5] *Id.* Appellant stated he did not "relapse again until [he] knew probation was looking for" him. *Id.* He further told the court that he

_____

[5] Appellant did not specify who "they" were.

- 7 -

understood he had a "bad criminal history," but that he "made it a point not to commit . . . new crimes." *Id.*

Before imposing Appellant's revocation sentence, the trial court emphasized Appellant's "bad prior record," as well as the fact that he "continually dabble[d] in drugs" and "other than a few times, . . . never really had a job[.]" N.T., 8/18/21, at 7-8; *see id.* at 8 ("You committed Felony 1 robberies and a lot of burglaries. I think that's how you lived."). The court further noted that while it was unsure whether Appellant suffered from addiction, it intended to impose a sentence in state prison where Appellant could receive treatment "as long as [he] admit[ted he had] a problem[;]" in fact, the court recommended Appellant for "the state drug treatment program." *Id.* at 7-9. The court also rejected Appellant's claim that he did not know he was on probation, commenting:

> You're impossible to manage on probation. You knew you had probation. That part of you is a pure lie.
>
> You knew you had probation. You knew you were going to avoid it until you got picked up, and then how did you get picked up, by an overdose.
>
> That's [your] life in a nutshell, new crime or overdose. . . .

*Id.* at 9.

The trial court revoked Appellant's probationary sentences at each of the dockets listed above, and imposed the following sentences: (1) at Docket 773-2006, a term of three and one-half to seven years' imprisonment for forgery; (2) at Docket 772-2006, a consecutive term of six months' to one

year imprisonment for theft; (3) at Docket 771-2006, a consecutive term of six months' to one year imprisonment for theft; and (4) at Dockets 90-2006, and 565-568-2005, a term of one year probation for each count, imposed concurrently to each other, but consecutive to the prison sentence imposed at Docket 771-2006. *See Gagnon* Order, 8/18/21. Therefore, the court imposed an aggregate sentence of four and one-half to nine years' imprisonment, followed by one year of probation.

On August 24, 2021, Appellant filed a timely motion to reconsider his sentence, asserting the aggregate sentence was "excessive for the technical violations to which he admitted[,] not appropriate under the Sentencing Code[, and] clearly unreasonable . . . as the sentence was not individualized . . . by failing to give due weight and consideration to [his] rehabilitative needs and mental condition[.]" Appellant's Motion to Reconsider Sentence, 8/24/21, at 2 (unpaginated). The trial court entered an order denying Appellant's motion that same day. *See* Order, 8/24/21. This timely appeal follows.[6]

Appellant presents one issue for our review:

> Whether the [trial c]ourt erred by sentencing [Appellant] to an aggregate sentence of 4 ½ to 9 years incarceration as such aggregate sentence is contrary to the fundamental norms which underlie the sentencing process, was not individualized to

---

[6] Appellant filed separate notices of appeal at each docket on September 1, 2021, less than 30 days after sentence was imposed. *See* Pa.R.Crim.P. 708(E) (motion to modify sentence filed after revocation does not toll 30-day appeal period). Appellant also timely complied with the trial court's directive to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal at each docket.

- 9 -

[Appellant] and clearly unreasonable as the [c]ourt failed to give due weight and consideration to [Appellant's] rehabilitative needs and mental condition; and, the sentence is manifestly excessive and inflicts too severe a punishment as it is disproportionate to the violations committed which were all of a technical nature[?]

Appellant's Brief at 4.[7]

Our review of a sentence imposed following the revocation of probation is limited to consideration of "the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." **Commonwealth v. Simmons**, 262 A.3d 512, 515 (Pa. Super. 2021) (*en banc*) (citation omitted). Although Appellant challenges only the discretionary aspects of his probation revocation sentence, this Court may consider the legality of a sentence *sua sponte*. **See Commonwealth v. Randal**, 837 A.2d 1211, 1214 (Pa. Super. 2003) (*en banc*) ("[C]hallenges to [a]n illegal sentence can never be waived and by be reviewed *sua sponte* by this Court.") (citation and quotation marks omitted).

It is axiomatic that a trial court has no authority to revoke a defendant's probation based on conduct that occurred **after** the term of probation had expired. **See Commonwealth v. Mathias**, 121 A.3d 558, 563 (Pa. Super. 2015). Thus, if a trial court lacks the authority to revoke probation, any sentence imposed as a result thereof is illegal. **Id.**

---

[7] The Commonwealth declined to file a responsive brief in this matter, and, instead informed the Superior Court Prothonotary by letter that it "completely concurs and relies upon the trial court's well-reasoned Opinion[.]" Letter from Commonwealth to Prothonotary, 4/6/22.

As noted above, it is unclear from the record whether any of Appellant's various probationary terms — and, in particular, those imposed at Dockets 90-2006, and 771-772-2006[8] — expired prior to December of 2020, when he committed the charged violations. Thus, we are compelled to vacate the judgments of sentence and remand this matter to the trial court for further clarification. If the court determines that Appellant was still serving all of his probationary sentences at the time he committed the violations, it shall re-impose the same sentence. However, if the court determines that any of Appellant's probationary sentences expired before he committed the charged violations, then it has no authority to either revoke Appellant's probation at those counts, or impose a new sentence. In that case, the trial court shall resentence Appellant accordingly. Under either scenario, after resentencing, Appellant shall be afforded the opportunity, should he so choose, to file a new post-sentence motion followed by a direct appeal.

Judgments of sentence vacated. Case remanded for proceedings consistent with this Memorandum. Jurisdiction relinquished.

---

[8] As noted **supra**, it appears from the record before us that Appellant would have completed serving his five-year probationary term at Docket 90-2006 in 2016, and his one-year terms at Dockets 771-771-2006 in 2017.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/29/2022