J-S21045-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSEPH LODUCA | : | |
| | : | |
| Appellant | : | No. 1552 MDA 2021 |

Appeal from the Order Entered November 15, 2021
In the Court of Common Pleas of Snyder County Criminal Division at
No(s): CP-55-CR-0000308-2019

BEFORE: DUBOW, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: **FILED: JULY 26, 2022**

Joseph Loduca (Loduca)[1] appeals from the November 15, 2021 order of

the Court of Common Pleas of Snyder County (trial court) denying his petition

for time credit. We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] After Loduca filed his appeal, this Court remanded the matter to the trial court to determine his eligibility for the appointment of counsel for his first Post-Conviction Relief Act (PCRA) petition. **See** Order, 12/22/21 (citing Pa.R.Crim.P. 904(C)); 42 Pa.C.S. §§ 9541 *et seq*. The trial court determined that he was indigent and appointed counsel without a hearing. Loduca filed several letters and notices with this Court indicating his intention to proceed *pro se* and appointed counsel moved to withdraw as a result. Following a second remand from this Court, the trial court conducted a hearing on March 7, 2022, pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), and determined that Loduca had knowingly and voluntarily elected to proceed *pro se*.

Only a procedural history of the case is germane to this appeal. In January 2020, Loduca entered a counseled no-contest plea to simple assault and terroristic threats. 18 Pa.C.S. §§ 2701(a)(3), 2706(a)(1). On January 22, 2020, he was sentenced to 199 days to two years less one day of incarceration, with credit for time served on the count of terroristic threats, and one year of concurrent probation on the count of simple assault. He was immediately paroled and did not appeal.

In July 2020, the trial court issued a bench warrant for Loduca's arrest on a motion of his probation officer. The officer alleged that Loduca had moved away from his approved address, failed to keep in contact or report his new address, and had been arrested on new criminal charges in Columbia County. Prior to his revocation hearing, Loduca filed a *pro se* motion to vacate his sentence. He alleged that he had negotiated a sentence of time served to 23 months' imprisonment, but a period of probation was imposed at sentencing without his agreement. He asked the trial court to vacate the sentence entirely and allow him to proceed to trial or vacate the period of probation. The trial court denied the motion as "untimely." **See** Order, 8/14/20.

On September 11, 2020, Loduca proceeded to a revocation hearing while represented by counsel. Loduca stipulated to the violation and negotiated a revocation sentence of one-to-two years' imprisonment for the count of simple assault to "run concurrently with the parole sentence" for

terroristic threats. Order, 9/11/20. All credit for time served was applied to the count of terroristic threats.

Loduca filed another motion to vacate his January 22, 2020 sentence in October 2020, followed by a motion to vacate his revocation sentence on the basis that his period of probation had expired at the time of his violation. **See** Motion for Sentence Modification, 10/30/20. He then filed a notice of appeal on December 7, 2020, purporting to appeal from the January 22, 2020 judgment of sentence. This Court ultimately quashed the appeal as untimely pursuant to Pa. R.A.P. 903(a). **See Commonwealth v. Loduca**, 8 MDA 2021 (Pa. Super. Feb. 23, 2021) (*per curiam*).[2]

Loduca filed the instant petition to vacate the state sentence on September 1, 2021. He alleged that because his sentences for simple assault and terroristic threats were imposed concurrently at his initial sentencing hearing, the 199 days of time credit that applied to the terroristic threats charge should also have been applied to the probationary sentence for simple assault. Crediting that 199 days to his one year of probation, he concluded that his probation had ended on July 5, 2020, prior to the initiation of the

---

[2] Loduca filed two notices of appeal from the January sentence in the same time frame and both were quashed as untimely. **See Commonwealth v. Loduca**, 129 MDA 2021 (Pa. Super. Feb. 23, 2021) (*per curiam*).

revocation proceedings. Accordingly, he requested that his state sentence be vacated and he be discharged.[3]

The Commonwealth filed an answer to the petition and the trial court held a hearing on November 15, 2021.[4] After hearing oral argument from the

---

[3] "[A] challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of the sentence and is cognizable under the [Post Conviction Relief Act, 42 Pa.C.S. §§ 9541 *et seq.*]." ***Commonwealth v. Fowler***, 930 A.2d 586, 595 (Pa. Super. 2007); 42 Pa.C.S. § 9542. Further, a trial court must construe any motion filed after a defendant's judgment of sentence becomes final as a petition filed pursuant to the PCRA. ***Commonwealth v. Jackson***, 30 A.3d 516, 521 (Pa. Super. 2011). When a defendant is resentenced following a violation of probation, the date of the resentencing is the controlling finality date for any PCRA claims related to the revocation proceedings. ***Commonwealth v. Williams***, 215 A.3d 1019, 1023 (Pa. Super. 2019). Loduca was resentenced on September 11, 2020, so the instant petition filed on September 1, 2021, was a timely first petition pursuant to the PCRA and Loduca had a rule-based right to counsel. ***See*** Pa.R.Crim.P. 904(C). Because the trial court conducted a ***Grazier*** hearing following this Court's order to ensure that Loduca had knowingly and voluntarily waived his right to counsel and elected to proceed *pro se*, further remand is unnecessary. ***See supra*** note 1.

[4] Prior to the hearing, Loduca filed a petition to withdraw his initial plea and raised myriad claims related to alleged discovery violations, ***Brady v. Maryland***, 373 U.S. 83 (1963), and ineffective assistance of his plea counsel. He concluded the petition with "[i]t is noted the petition to withdraw is a new separate action from the Nov. 15th hearing." Petition to Withdraw, 10/25/21, at unpaginated 4 (extraneous capitalization omitted). Loduca did not raise these issues at the hearing and they were not addressed by the trial court. Additionally, in his brief on appeal he raises his ***Brady*** claim, a claim of selective prosecution, and several claims that the trial court and plea counsel lied or misled him during the revocation proceedings. These issues were not all raised in his petition to vacate state sentence, at the hearing on the petition or his concise statement pursuant to Pa. R.A.P. 1925(b), and the Commonwealth argues that they have been waived. ***See*** Commonwealth's Brief at 2-3. We agree and decline to address them further. ***See*** Pa. R.A.P. 302(a); Pa. R.A.P. 1925(b)(4)(vii).

parties, the trial court denied the petition. Loduca filed a timely notice of appeal and concise statement of issues complained of on appeal and the trial court has not provided an opinion pursuant to Pa. R.A.P. 1925(a).

Loduca contends that his revocation sentence is illegal because he was not granted time credit on his original sentence of probation even though it was imposed concurrently to his sentence of incarceration. He argues with proper time credit, his period of probation expired before the violation report was filed and the trial court lacked the authority to revoke his probation and resentence him. He further argues that, combined with the 199 days of time credit, his one-to-two-year sentence exceeds the statutory maximum sentence for simple assault. He also contends that the counts of terroristic threats and simple assault should have merged for sentencing purposes. Finally, he argues that his sentence is illegal under **Commonwealth v. Simmons**, 262 A.3d 512 (Pa. Super. 2021), because the trial court lacked the authority to sentence him to concurrent periods of county parole and probation.[5] No relief is due.

Loduca's first three claims are all based on his argument that he is entitled to 199 days of time credit for his initial probationary sentence, and

_____

[5] The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error. **Commonwealth v. Cruz**, 223 A.3d 274, 277 (Pa. Super. 2019). Whether a sentence is illegal is a question of law and our scope of review is plenary. **Commonwealth v. Maxwell**, 932 A.2d 941, 942 (Pa. Super.2007).

subsequent sentence of incarceration, on the count of simple assault. Section 9760 of the Sentencing Code states:

> Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S. § 9760(1); *see also Commonwealth v. Infante*, 63 A.3d 358, 367 (Pa. Super. 2013) ("[A] defendant shall be given credit for any days spent in custody prior to the imposition of sentence, but only if such commitment is on the offense for which sentence is imposed." (citation omitted)). However, it is well-established that defendants are not entitled to duplicative time credit under multiple sentences. *See Commonwealth v. Davis*, 852 A.2d 392, 400 (Pa. Super. 2004).

Additionally, following a revocation of probation, "the sentencing alternatives available to the court shall be the same as the alternatives available at the time of initial sentencing," and "the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." *Infante*, *supra*, at 365 (internal quotations and citations omitted). A defendant is not automatically granted credit for time served following revocation of probation "unless the court imposes a new sentence that would result in the defendant serving time in prison in excess of the statutory maximum." *Commonwealth v. Crump*, 995 A.2d 1280,

1284 (Pa. Super. 2010) (citation omitted).  He is not entitled to credit for time spent on probation.  **_Id._**

Here, Loduca entered a plea to one count of terroristic threats, a first-degree misdemeanor, and one count of simple assault, a second-degree misdemeanor.  The statutory maximum sentences for those charges are five and two years of imprisonment, respectively.  18 Pa.C.S. § 1104.  The trial court applied all time credit for pretrial detention and detention following his probation violation to the count of terroristic threats.  Thus, when it revoked the period of probation for the charge of simple assault, it was entitled to sentence Loduca to the statutory maximum of two years' imprisonment, as he had already received the benefit of his time served as applied to his sentence for terroristic threats.  He is not entitled to duplicative credit.  **_Davis_**, **_supra_**.

**_Commonwealth v. Williams_**, 662 A.2d 658 (Pa. Super. 1995), which Loduca relies on in support of his position, is inapposite.  There, the defendant was originally sentenced to 11.5 to 23 months of incarceration with a consecutive period of probation for a single count of attempted theft by unlawful taking.  Following a probation revocation, the trial court resentenced him to the statutory maximum of 3.5 to 7 years' imprisonment, without granting him time credit for the 23 months he had already spent in jail.  This Court reversed, holding that the new sentence was illegal because in failing to grant time credit for the 23 months he had already served, the trial court imposed a sentence that exceeded the lawful maximum for the charge.  **_Id._**

at 659 (citing 42 Pa.C.S. § 9760). Notably, the defendant in **Williams** was sentenced on a single charge and all time credit in the case was applied to that charge.

In contrast, Loduca was sentenced on two separate counts following his no contest plea: terroristic threats and simple assault. The trial court applied his time credit for pretrial detention and detention on the probation detainer to his sentence for terroristic threats, and the total sentence on that charge did not exceed the statutory maximum of five years. As a result, Loduca had no time credit available to apply to the charge of simple assault, as the law does not require that he receive duplicative time credit on that charge following his probation violation.[6]

Next, Loduca contends that his sentence is illegal because terroristic threats and simple assault merge for sentencing purposes. The crime of

_____

[6] Moreover, Loduca has provided no support for his contention that he was entitled to time credit on his original sentence of probation for simple assault, and our research has uncovered none. To the contrary, the Sentencing Code provides that a defendant is entitled to time credit for "time spent in custody as a result of the criminal charge **for which a prison sentence is imposed** or as a result of the conduct on which such a charge is based." 42 Pa.C.S. § 9760(1) (emphasis added). Here, the time credit was properly applied toward the count of terroristic threats for which Loduca was sentenced to incarceration. The sentence of probation was current to his sentence for terroristic threats and began on the date of his sentencing: January 22, 2020. Accordingly, he was still serving this sentence when the probation violation report was filed and the trial court had authority to proceed with the revocation hearing and resentencing. **See Commonwealth v. Mathias**, 121 A.3d 558, 563 (Pa. Super. 2015) (trial court retains authority to revoke probation and resentence a defendant if he commits a violation before the probationary period expires).

terroristic threats requires proof that the defendant "communicate[d], either directly or indirectly, a threat to. . . commit any crime of violence with intent to terrorize another."  18 Pa.C.S. § 2706(a)(1).  The threat of violence must be communicated "with the intent to terrorize another or with reckless disregard for the risk of causing terror."  ***Commonwealth v. Beasley***, 138 A.3d 39, 46 (Pa. Super. 2016) (citation omitted).  Simple assault by physical menace requires proof that the defendant "attempt[ed] by physical menace to put another in fear of imminent serious bodily injury."  18 Pa.C.S. § 2701(a)(3).  Simple assault by physical menace requires proof that the defendant "intentionally plac[ed] another in fear of imminent serious bodily injury through the use of menacing or frightening activity."  ***Commonwealth v. Reynolds***, 835 A.2d 720, 726 (Pa. Super. 2003) (citation omitted).

Offenses merge when "the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense."  42 Pa.C.S. § 9765.  In ***Commonwealth v. Edwards***, 256 A.3d 1130 (Pa. 2021), our Supreme Court explained that merger requires an analysis of the elements of the statute, not the specific facts of the case at issue.  ***See id.*** at 1137-38 (finding that aggravated assault and recklessly endangering another person did not merge, even when arising out of a single act, when not all statutory alternatives for the former crime were subsumed by the elements of the latter).

Simple assault by physical menace and terroristic threats each have statutory elements not included in the other, even though a single criminal act may support both convictions. This subsection of simple assault requires proof of physical menace, a *mens rea* of intent and imminent physical violence. In contrast, terroristic threats may be proven with any threat of a crime of violence, imminent or otherwise, and a *mens rea* of recklessness. Because it is possible to fulfill the statutory elements of each crime without committing the other, the two do not merge for sentencing purposes. 42 Pa.C.S. § 9765; **Edwards**, **supra**. This claim is meritless.

Finally, Loduca cites **Simmons**, **supra** to argue that the trial court lacked the authority to impose concurrent sentences of county parole and probation. However, **Simmons** held that a trial court may not anticipatorily revoke a sentence of probation when the defendant has not yet begun serving that sentence. **Simmons**, **supra**, at 527. It did not hold that trial courts may not impose concurrent sentences of probation and incarceration or parole. Here, Loduca's year of probation began on January 22, 2020, when he was sentenced by the trial court. As a result, he was serving that sentence at the time of his violations and revocation and his sentence does not run afoul of **Simmons**. **Mathias**, **supra**; **supra** note 6.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>07/26/2022</u>